The opinion of the court was delivered by
Spencer, J.
Plaintiffs allege that John Bishop, Mrs. L. S. Berry, and' her husband, J. M. Berry, are solidarily indebted to them in sums of money amounting to $1186 95, with ten per cent interest thereon, as-stated in the petition. That the said John Bishop and Mrs. Berry were commercial partners, doing business under the name of John Bishop & Co., and that J. M. Berry, the husband, having permitted his wife to trade as a public merchant, was bound solidarily with -her. Plaintiffs then set forth in detail how said indebtedness arose, and aver that it was-for the price of goods, wares, and merchandise, by them sold and furnished to Bishop & Co. That, from time to time, Bishop & Co. executed) *1179 notes and drafts in acknowledgment oí these debts, and in renewal and extension thereof. That on June 15,1874, Bishop & Oo. executed three notes (the amounts and maturities of which are set forth, and aggregate $1186 95) in settlement and extension of their indebtedness, which notes are signed “ John Bishop & Oo., in liquidation.” They aver the liability of said Bishop and Mrs. Berry on these notes thus given in the course of the liquidation of the partnership. They pray for judgment in solid»' against all said parties, and for general relief.
Subsequently, plaintiffs filed an amended petition alleging that Mrs. Berry was judicially separate in property from her husband, and that the debt inured to her separate advantage. That in the management of said partnership J. M. Berry acted as agent of his wife, but held himself out as a partner in said firm, and so declared in the notes sued upon, which were signed, “John Bishop & Oo., in liquidation,” by him, and which recited in their body that he was a member of said firm. They pray as before.
The defendants answered separately. Bishop generally denies plaintiffs’ allegations, admits the partnership, and avers that the firm of Bishop & Oo. was dissolved on day of February, 1874, months before the notes were executed, and denies J. M. Berry’s authority, as agent or otherwise, to sign notes with the firm name after its dissolution. Mrs. Berry makes a similar answer, and J. M. Berry alleges that he signed and acted as agent, and not for himself, and denies that he held himself out as a partner, and avers that his name as a partner was inserted by error in the body of said obligations by plaintiffs’ agent.
There was judgment for plaintiffs against all the defendants in solido, and the latter have separately appealed.
So far as Bishop and Mrs. Berry are concerned, there is not the least doubt of the correctness of this judgment. Plaintiffs very properly allege upon the original debt created by the sale and delivery of the goods, as well as upon the notes executed by J. M. Berry, in the name of “John Bishop & Go., in liquidation,” in acknowledgment thereof. They have fully and indisputably established their claim by evidence outside of and beyond that of the notes, producing full and complete proof of all the items of account, with the letters of Bishop & Oo., and bills of lading, receipts, etc. In fact, Bishop’s counsel, in his pointed and able argument before us, makes this admission: that the “ testimony of the plaintiffs does shoio that Bishov & Go. owed an amount to the plaintiffs, equal to the notes, a fact which Bishop has never denied.” Now, when it is remembered that all this testimony was admitted without any objection whatever, we are at a loss to conceive how, under the pleadings, we can be expected to do otherwise than affirm the judgment. Had the plaintiffs declared specifically and exclusively on the notes (which they did *1180 ■not), we would, under the 'long-settled jurisprudence of this State, be bound to give effect to this proof if admitted without objection.
We are free to say that if the only proof of plaintiffs’ claim consisted ■of the notes signed “John Bishop & Co., in liquidation,” executed and ¡signed by J. M. Berry, whether as agent of his wife or partner, we should hold it insufficient to bind Bishop or Mrs. Berry. These notes carry •on their face evidence of the fact of the previous dissolution of the firm, and in such case it is well settled that after dissolution one of the partners can not without special authority (and much less an agent of one •of them) “ renew a partnership debt, impose new obligations on it, or vary the form or character of those already existing.” See Kent, vol. 3, sec. 43,.p. 69, seventh edition; Story on Partnership, sec. 322; 5 Bob. 172 ; 6 Bob. 70 ; 7 A. 356 ; 13 A. 479 ; 29 A. 586. But, as we have seen, plaintiffs have fully sustained their demands by evidence dehors these ¡notes, and the proof shows no novation was effected or intended. This •disposes of the case as to Bishop and Mrs. Berry. It only remains 4o examine the case as to J. M. Berry.
It seems to be conceded that Berry was not in reality a partner in the firm of John Bishop & Co. The articles Of partnership and its dissolution show’ that it was Bishop and Mrs. Berry who composed that firm ; that Berry acted therein as representative of his wife, and as her alter ego. But plaintiffs without objection amended and charged that whether Berry was partner or not he, by his declarations, conduct, and .acts, had held himself out as such, and induced them to so believe, and was, as to them, liable as partner.
Berry swears positively and emphatically that he never did represent himself as a partner, and that the insertion in the body of said notes ■of his name as a partner was done by plaintiffs’ agent, and said notes were signed by him in error, and without noticing the recital of his name rfcherein. This is, perhaps, true; yet the fact of plaintiffs so inserting ¡his name shows, also, that they believed him to be a partner (and Dodd, ¡plaintiff, swears that his recollection is that Berry so stated). Did his ¡acts and conduct (aside from his declarations) justify such belief ? It is ¡shown that Berry was the active manager of the partnership; that it was he who visited St. Louis and bought the goods from the plaintiffs ; ¡that he repeatedly signed notes with the name “John Bishop & Co.,” without adding any words indicative of his doing so as agent. He admits ¡that he never told the plaintiffs that he was not a partner. All his letters ¡and correspondence with plaintiffs were signed “John Bishop & Co.,” ¡and nowhere in his transactions with plaintiffs is there to be found, by word, deed, or writing, any thing from Berry indicating that his acts were those of an agent.
Besides, as we have seen, he had no authority after the dissolu *1181 tion of the firm to sign the notes sued upon; and although he did not. thereby bind others, he bound himself: especially as he did not profess to act as agent, and did not indicate that he was not acting as a principal. ' This conduct on his part induced plaintiffs to postpone demanding-their claims from John Bishop & Co. for several months, and induced delays that may have been prejudicial to their interests. The district, judge held Berry liable, and we are not prepared to say that he erred.
The plaintiffs remitted in the court below two per cent of the interest allowed by the judgment below; and have prayed in this court for damages for frivolous appeal. We do not think this a proper case to. inflict them.
The judgment appealed from is affirmed at the costs of appellants.